IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA KENNEDY, | : | Civil No. 3:18-cv-2034 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DEB ALVORE, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**[1]

## I. Background

On October 18, 2018, Plaintiff Ira Kennedy ("Kennedy"), at all times relevant a state inmate incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp-Hill"), initiated this action pursuant to 42 U.S.C. § 1983. The matter is proceeding *via* a second amended complaint filed on September 12, 2019. (Doc. 32).

Named as Defendants are Sergeant David Swartz ("Swartz"), Correctional Officer Michael Harlow ("Harlow"), Chief Grievance Officer Dorina Varner ("Varner"), Unit Manager R. Canberry ("Canberry"), and Facility Manager J. Harry ("Harry"). Kennedy alleges that Defendants were deliberately indifferent to his Type 2 Diabetes medical condition in violation of the Eighth Amendment. (Doc. 1). He "seeks relief from this court to change the

---

[1] This matter has been reassigned to the undersigned upon the death of the Honorable James M. Munley.

procedures in place at S.C.I. Camp Hill concerning treatment of diabetics and to have all contact staff retrained to react more productively to verbal medical emergencies when reported." (*Id.* at p. 1). He also seeks compensatory and punitive damages. (*Id.*).

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Sergeant Swartz, C.O. Harlow, and Chief Grievance Officer Varner.[2] (Doc. 33). On November 7, 2019, the Court directed Kennedy to file a brief in opposition to the motion and cautioned him that his failure to do so would result in Defendants' motion being deemed unopposed in accordance with the Local Rule 7.6 of the Local Rules of Court. (Doc. 38). At Kennedy's request, the Court extended the deadline until February 28, 2020. As of this date, no opposition brief has been filed. Consequently, Defendants' motion to dismiss is deemed unopposed and, for the reasons set forth below, the Court will grant the motion.

Kennedy's second amended complaint included the addition of Defendants Canberry and Harry. To date, they have failed to return the waiver of service forms and no motion has been filed on their behalf. (Doc. 35). In the interests of judicial economy, the viability of the allegations against them will be considered in accordance with 28 U.S.C. § 1915.

---

[2] Defendants mistakenly reference Kennedy's amended complaint (Doc. 11), rather than second amended complaint (Doc. 32), in their motion to dismiss. (Doc. 34). Although the allegations of both pleadings are virtually identical, the second amended complaint removed Defendants Alvore and Heist. Consequently, the Court will disregard the motion and any argument pertaining to these individuals. The second amended complaint also added two new defendants, Canberry and Harry. However, they failed to return the waiver of service forms. (Doc. 35). The Court will therefore consider the viability of the allegations against Canberry and Harry pursuant to 28 U.S.C. § 1915.

2

II. Legal Standards

A. Rule 12(b)(6)

A complaint must be dismissed under FED. R. CIV P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.... *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F .3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] -that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *Id.*

B.   28 U.S.C. § 1915

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the action is frivolous or

4

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

As with the Rule 12(b)(6) standard set forth above, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips*, 515 F.3d at 229. Because Kennedy proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. Allegations of the Complaint

In his second amended complaint, Kennedy alleges that he was diagnosed with Type 2 Diabetes in 2004. (Doc. 32, p.2). On April 24, 2017, while incarcerated at SCI-Camp Hill, he had taken an insulin injection and, because more than two hours passed without a meal, he experienced low blood sugar. (*Id.* at 2, 3). He separately approached Defendants Harlow and Swartz and reported to both that he was "feeling woozy." (*Id.* at 3). He states that he was left in this condition for thirty minutes while waiting to go to the dining hall. (*Id.*). He alleges that Harlow and Swartz knew of his diabetic condition and were

5

aware that he reported to insulin and accucheck line twice daily. (*Id.* at 2). Despite being aware of his condition and having first aid training, they failed to provide him assistance or reach out to the medical department. (*Id.* at 3). He alleges that their "non-action" placed his health and life at risk. (*Id.* at 2).

He asserts that Defendants Canberry, Harry, and Varner, approved of Harlow and Swartz's non-actions through disposition of his grievances. (*Id.* at 2, 3).

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Defendants Harlow and Swartz

Kennedy alleges that Defendants Swartz and Harlow exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment in failing to act when he complained of feeling woozy and needing to eat. Defendants argue that Kennedy failed to notify either Harlow or Swartz that prison medical officials required that he eat within a certain time after receiving insulin. (Doc. 34). They further argue that a complaint to a non-medical prison official of "feeling woozy" from an inmate who is receiving medical care is the type of complaint that has consistently and repeatedly fallen short of deliberate indifference. (*Id.*). Kennedy offers no opposition to this argument.

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Significantly, if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Kennedy's diabetic condition constitutes a serious medical need. *See Natale*, 318 F.3d at 582. Prison medical officials clearly monitored his condition twice a day through an established, regular and consistent system of blood sugar checks and insulin injections referred to as accucheck. With regard to the deliberate indifference aspect, there is no indication that Kennedy's medical treatment plan or protocol required, or even suggested that he eat within a specified time of receiving insulin injections. Nor are there any allegations that Defendants Harlow and Swartz were aware of such a medical requirement and deliberately ignored it. Absent a belief, or actual knowledge, that medical personnel failed to treat a prisoner, non-medical defendants cannot be found to be deliberately indifferent. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319. Because the second amended complaint is devoid of allegations from which we can plausibly infer that Defendants Harlow

and Swartz were deliberately indifferent to Kennedy's serious medical needs, their motion to dismiss will be granted.

B. Defendants Varner, Canberry and Harry

Kennedy seeks to impose liability on Defendants Varner, Canberry and Harry based on their roles in adjudicating his grievance. Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Id.* at 1208. As such, liability cannot be imposed on Defendants Canberry and Harry based solely on their positions and duties as supervisors to Defendants Harlow and Swartz.

Nor can Canberry, Harry, or Varner be held liable based on their roles in considering and deciding Kennedy's grievance. "[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by [prison officials' failure] to address these grievances." *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). "Access to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under [section] 1983." *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015); *see Booth*, 346 F. Supp. 2d at 761 (finding that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create a liberty interest requiring procedural protections under the Fourteenth Amendment."); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (affirming that "[i]nmates do not have a constitutionally protected right to the prison grievance process.").

Additionally, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer*, 991 F.2d 64, 69 (3d Cir. 1993). Consequently, the actions of Varner, Canberry, and Harry in denying his grievance or in concurring in the administrative appeal process are insufficient to establish personal involvement necessary to state a claim. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (stating "[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a

constitutional right."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to later-filed grievances about his medical treatment, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

Defendant Varner's motion to dismiss will be granted and the second amended complaint against Defendants Canberry and Harry will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.   Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Kennedy leave to amend would be futile as the complained of deprivations simply do not rise to the level of an Eighth Amendment violation. Moreover, Kennedy has failed to oppose Defendants' motion and he has made no contact with the Court since November 29, 2019, which suggests that he is no longer interested in pursuing this action.

## VI. Conclusion

Based on the foregoing discussion, the motion to dismiss filed on behalf of Defendants Harlow, Swartz and Varner will be granted. The second amended complaint against Defendants Canberry and Harry will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Order shall issue.


Dated: April 7, 2020    _s/ Robert D. Mariani_____
Robert D. Mariani
United States District Judge